IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **BLAKE MARINE GROUP, LLC** | * | |
| | * | |
| Plaintiff, | * | Civil Action No. 19-468 |
| | * | |
| v. | * | |
| | * | *In Admiralty* |
| **EPIC ALABAMA RECYCLERS, LLC,** | * | *In Personam* |
| *in personam,* and the | * | *In Rem* |
| **NOBLE AMOS RUNNER,** | * | |
| her engines, tackle, furniture, | * | |
| equipment, appurtenances, etc., *in rem,* | * | |
| | * | |
| Defendants. | * | |

**VERIFIED ORIGINAL COMPLAINT**
**FOR BREACH OF CONTRACT AND ARREST OF NOBLE AMOS RUNNER**

Plaintiff, Blake Marine Group, LLC ("Blake"), for its Complaint against the defendants, EPIC Alabama Recyclers, LLC ("EPIC"), *in personam*, and the NOBLE AMOS RUNNER, her engines, tackle, furniture, apparel, equipment, appurtenances, etc., *in rem,* in a cause of action both civil and maritime, upon information and belief, respectfully submits as follows:

I.

This is a cause of action for breach of a maritime contract and for maritime arrest pursuant to Rule C of the Supplemental Rules of Civil Procedure for Certain Admiralty and Maritime Claims and is therefore an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and the Supplemental Rules Governing Certain Admiralty and Maritime Claims. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1333 and pursuant to the Federal Maritime Lien Act, 46 U.S.C. § 31341, *et. seq.*

II.

Venue in this action is properly found in this Honorable Court pursuant to 28 U.S.C. § 1395(d), as the NOBLE AMOS RUNNER is currently located within the Southern District of Alabama.  Specifically, on information and belief, the vessel is located at EPIC's Alabama shipyard, 660 Dunlap Drive, Mobile, Alabama 36602.

III.

At all material times, plaintiff, Blake, was and is a limited liability company organized and incorporated under the laws of the State of Pennsylvania, with its principal place of business in Pittsburg, Pennsylvania, and at all times material, a contractor performing maritime work and necessaries to the NOBLE AMOS RUNNER.

IV.

On information and belief and at all material times hereto, defendant EPIC is a Delaware limited liability company, with their principal place of business located at 1080 Eldridge Parkway, Ste. 1300, Houston, Texas 77077, and may be served with process to its registered agent, Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808, or a location where said agent may be found.

V.

At all material times, defendant vessel, the NOBLE AMOS RUNNER, a vessel bearing IMO No. 8756306, is now or will be during the pendency of this action on the navigable waters of this District and within the jurisdiction of this Honorable Court.

VI.

At all material times herein, defendant EPIC was and is the owner, *owner pro hac vice,* and/or operator of the NOBLE AMOS RUNNER.

VII.

Blake has provided services and necessaries to the NOBLE AMOS RUNNER for the purpose of reactivation and to make ready the vessel so that it could be moved from its offshore stacked location to Mobile, Alabama, after the vessel was purchased by EPIC Alabama Recyclers, LLC.  Charges for this work remain unpaid to date, even though EPIC has previously acknowledged the debt and guaranteed payment of same as discussed in more detail below.  The services provided by Blake are described in the invoices attached as "Exhibit A" and include the provision of fuel, food, crew members, crew provisions, helicopter transportation for the crew offshore, procurement of towing vessels, planning and executing on refloating of the vessel, and execution of a towage plan in order to facilitate delivery of the vessel to EPIC's shipyard in Mobile, Alabama.

To date, the NOBLE AMOS RUNNER remains capable of being deballasted and towed and remains capable of navigation.

As reflected in the A/R Aging Detail summary made part of "Exhibit A", EPIC Alabama Shipyard, LLC has an outstanding indebtedness to Blake in the amount of $841,761.51; all as more specifically demonstrated in the invoices following the summary.

VIII.

EPIC previously committed to paying Blake for all outstanding charges reflected in "Exhibit A" through 50% of all revenue which it obtained from recycling materials from the vessel JAVELIN and EPIC has failed to make any payments to Blake pursuant to that agreement.

EPIC has previously committed to pay all of the outstanding invoices due to Blake on or before August 6, 2019 and it has failed to complete those payments.

**Breach of Contract**

IX.

EPIC had an agreement to pay Blake for the services, fees, costs, and advances reflected in "Exhibit A".

X.

EPIC has breached that agreement by failing to pay 50% of all revenue received from the recycling of the JAVELIN and in failing to alternatively satisfy the entire Net A/P Balance due to Blake on or before August 6, 2019.

XI.

EPIC also had a duty to act in good faith and fair dealing in its relationship with Blake and has for the breached that duty by either negligently or intentionally failing to transfer revenue to Blake as required under the term of the parties' contract and upon receiving revenue from scrapping operations of the JAVELIN, and/or, from other revenue sources which EPIC should have diverted and used for the satisfaction of its obligations to Blake.

XII.

Blake is not in breach of its contract obligations to EPIC.

XIII.

EPICs breach of its agreement with Blake has resulted in damages to Blake in an amount not less than $841,761.51 plus the cost of these proceedings, interest, attorneys' fee, marshals' fees and custodial expenses for the NOBLE AMOS RUNNER.

**Establishment of Maritime Lien**

XIV.

Blake Marine has provided necessaries to the NOBLE AMOS RUNNER and is entitled to assert a maritime lien as a result of same. As reflected in "Exhibit A", Blake has provided crew members to the NOBLE AMOS RUNNER, together with food, fuel, towing equipment, repairs and other labor materials, equipment supplies and furnishings as needed to deballast and refloat the vessel and transport the vessel by towage to EPIC's Mobile, Alabama yard.

XV.

Blake is entitled to proceed against the NOBLE AMOS RUNNER *in rem* and to secure payment of its invoices as reflected in "Exhibit A" through seizure and sale of the NOBLE AMOS RUNNER.

XVI.

Blake is entitled to a maritime lien.

XVII.

Based on the foregoing, Blake is entitled to request an order from this Honorable Court executing arrest under Supplemental Admiralty Rule C.

XVIII.

A judgment in favor of Blake for $841,761.51 as of July 17, 2019, and accruing against EPIC and the NOBLE AMOS RUNNER is based upon a maritime lien under the general maritime law and Federal Maritime Lien Act, 46 U.S.C. §31341, et seq., entitling Blake to have the vessel arrested and sold to satisfy the invoices and balance owed pursuant to Rules C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

XIX.

Blake requests that this Honorable Court issue a warrant of arrest for the NOBLE AMOS RUNNER, her engines, tackle, furniture, equipment, and appurtenances, etc. to enforce the Rules C *in rem* claims asserted above and that after due proceedings, said vessel be sold to satisfy Blake's judgment.

XX.

Blake agrees to hold harmless and indemnify the U.S. Marshal and all of its deputies for any and all liability arising as a result of seizing the aforesaid property.

**WHEREFORE,** Blake Marine Group, LLC prays as follows:

1. That process in due form of law, according to the rules and practice of this Court in causes of admiralty and maritime jurisdiction, issue against the NOBLE AMOS RUNNER, her engines, tackle, furniture, equipment, and appurtenances, and that all persons having or claiming any interest therein be cited to appear and answer in this case;

2. That Defendant EPIC Alabama Recyclers, LLC be cited to appear and answer;

3. That this Court enter judgment, *in personam*, in favor of Plaintiff against Defendant EPIC Alabama Recyclers, LLC in the amounts due Plaintiff, being no less than $841,761.51 as of July 17, 2019, plus reasonable attorney's fees, interest, and costs as allowed by law;

4. This Court enter judgment, *in rem*, in favor of Plaintiff against Defendant NOBLE AMOS RUNNER in the amounts due Plaintiff, being no less than $841,761.51 as of July 17, 2019, plus reasonable attorney's fees, interest, and costs as allowed by law;

5. That the NOBLE AMOS RUNNER be condemned and sold to pay the amount due to Blake Marine Group, LLC in satisfaction of its Judgment, and including reasonable attorneys' fees, interest, and costs as allowed by law;

6. That Blake Marine Group, LLC has such other and further relief, at law or in equity, as this Court may deem proper.

Respectfully submitted, this 8th day of August, 2019.

/s/ Norman M. Stockman
NORMAN M. STOCKMAN
BLANE H. CRUTCHFIELD
Attorneys for Plaintiff Blake Marine Group, LLC

OF COUNSEL:

HAND ARENDALL HARRISON SALE LLC
Post Office Box 123
Mobile, Alabama  36601
Tel:    (251) 432-5511
Fax:    (251) 694-6375
Email:  nstockman@handfirm.com
        bcrutchfield@handfirm.com


**Please arrest the NOBLE AMOS RUNNER at:**

**EPIC Alabama Shipyard**
**660 Dunlap Drive**
**Mobile, Alabama 36602**

**Please issue Summons to EPIC Alabama Recyclers, LLC at:**

**EPIC Alabama Recyclers, LLC**
**c/o Corporation Service Company**
**251 Little Falls Drive**
**Wilmington, Delaware 19808**

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

BLAKE MARINE GROUP, LLC

VERSUS                                             CIVIL ACTION NO. 19-468

EPIC ALABAMA RECYCLERS LLC,
*in personam*, and the
NOBLE AMOS RUNNER,
her engines, tackle, furniture,
equipment, appurtenances, etc., *in rem*

## VERIFICATION

STATE OF MISSISSIPPI
COUNTY OF HARRISON

**BEFORE ME**, the undersigned Notary Public, personally came and appeared:

**JOHN A. SCIALDONE**

who, after being duly sworn, did depose and state:

1. That he is an Attorney licensed in the State of Mississippi (MS Bar No. 9524) and is counsel for Blake Marine Group, LLC

2. That he has verified with Eli M. Zatezalo (President, Blake Marine Group, LLC) that the facts alleged in the foregoing Complaint are true and correct, and based upon the information and belief of the Plaintiff, and that the basis of the Plaintiff's information and belief is the personal knowledge of Blake Marine Groups' President, its work for EPIC Alabama Recyclers, LLC, and its work on and for the NOBLE AMOS RUNNER.

3. That pursuant to 28 U.S.C. §1746, he declares under penalty of perjury that the foregoing information is true and correct.

_____
JOHN A. SCIALDONE

SWORN TO AND SUBSCRIBED BEFORE ME, THIS ___ DAY OF AUGUST, 2019.

_____
NOTARY PUBLIC
My commission expires: 04/20/2021