IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **BLAKE MARINE GROUP, LLC** § § **Plaintiff,** § v. § **EPIC ALABAMA RECYCLERS, LLC,** § *In personam*, **and the** § **NOBLE AMOS RUNNER,** § **Her engines, tackle, furniture,** § **Equipment, appurtenances, etc.,** *in rem*, § § **Defendants.** § | Civil Action No. 19-468 *In Admiralty* *In Personam* *In Rem* |

# ORDER

This cause is before the Court on the motion (doc. 48) of Plaintiff Blake Marine Group, LLC ("Blake"), *in personam* Defendant EPIC Alabama Recyclers, LLC ("EPIC"), and substitute custodian U.S. Maritime Security, LLC ("U.S. Maritime"), for this Court to modify its December 30, 2019 Order (doc. 39), its January 10, 2020 Order (doc. 44), and its January 16, 2020 Order (doc. 47). The Court has considered the motion and the record in this cause and finds the motion to be well-taken.

Therefore, it is ORDERED, ADJUDGED, and DECREED that the Court's December 30, 2019 Order (doc. 39), its January 10, 2020 Order (doc. 44), and its January 16, 2020 Order (doc. 47) are modified in the following respects:

1. The Court withdraws its prior direction that $75,000.00 of the settlement funds be paid into the Court's registry. Instead, all future settlement payments under the Settlement Agreement are to be paid to the Hand Arendall Harrison Sale LLC Trust Account, rather than Blake. Upon receipt of those funds, Hand Arendall Harrison Sale shall first pay U.S. Maritime

to satisfy U.S. Maritime's outstanding *custodia legis* expenses in the amount of $65,310.00, and then it shall pay from those funds U.S. Maritime's reasonable attorney's fees incurred in seeking payment of its custodial expenses.  If the parties are unable to agree to the amount of U.S. Maritime's reasonable attorney's fees, they shall promptly notify the Court and submit that issue to the Court for determination.

2. Upon full satisfaction of U.S. Maritime's outstanding *custodia legis* expenses of $65,310.00, the parties shall promptly notify the Court and request the entry of an order releasing the NOBLE AMOS RUNNER from arrest in accordance with the Settlement Agreement.

3. Any settlement funds remaining or paid after full satisfaction of U.S. Maritime's outstanding *custodia legis* expenses and U.S. Maritime's reasonable attorney's fees incurred in seeking payment of its custodial expenses as set forth above shall be paid as may be agreed between Blake and its counsel.

4. U.S. Maritime's request that Blake be held in contempt set forth in its January 6, 2020 Motion (doc. 42) is deemed withdrawn, and Blake is relieved of the show cause requirement of the January 10, 2020 Order.

DONE and ORDERED this 17th day of January, 2020.

/s/ Callie V. S. Granade
SENIOR UNITED STATES DISTRICT JUDGE